UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NEW SENSATIONS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No.<br>12-11721-FDS |
| DOES 1-175, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

**SAYLOR, J.**

Plaintiff, New Sensations, Inc. (NSI), is a California corporation and the owner of the copyright for the motion picture "Dirty Little Schoolgirl Stories #4." Compl. ¶ 6. NSI avers that each of the 175 Doe defendants has infringed NSI's copyright by "reproduc[ing] and/or distribut[ing] to the public, at least a substantial portion of the Motion Picture." *Id*. ¶ 13. NSI alleges that other infringers using defendants' Internet accounts through "peer to peer" network BitTorrent also have illegally reproduced the copyrighted work. The Doe defendants are unknown to NSI, other than by the IP address assigned to him or her by an Internet Service Provider (ISP).

Pursuant to Fed. R. Civ. P. 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." NSI's complaint fails to satisfy these threshold requirements. *See Abdullah v. Acands, Inc.,* 30 F.3d 264*,* 268-269 (1st Cir. 1994). In a similar case, Judge Spero from the United States District

Court for the Northern District of California found that permissive joinder was unwarranted. "The copyright infringement claims did not arise out of the same transaction, occurrence or series of transactions or occurrence . . . because "each defendant used the same ISP as well as some of the same P2P networks. . . . [M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1157 (N.D.Cal. 2011).  While "[misjoinder of parties is not a ground for dismissing an action, [o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Fed. R. Civ. P. 21.

      With these rules in mind, the Court orders NSI to show cause, within the next 14 days, why it should not exercise its discretion under Rule 21 to sever all of the Doe defendants but one, while permitting NSI to refile against each of the defendants in separate actions.

**So Ordered.**

                                                /s/ F. Dennis Saylor  
                                                F. Dennis Saylor IV  
                                                United States District Judge

Dated:  September 26, 2012